IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL EZRA RHOADES, ) | |
| ) | Case No. CV 93-0156-S-EJL |
| Petitioner, ) | (Bonneville County) |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| A.J. ARAVE, Warden, ) | **MEMORANDUM ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On March 21, 1997, the Court dismissed several claims in this capital habeas matter as procedurally defaulted. (Docket No. 95.) On March 28, 2007, the Court denied relief on the remaining claims and entered judgment dismissing the cause of action with prejudice. (Docket Nos. 312 & 313.) Currently before the Court are Petitioner's motions to alter, amend, or reconsider those decisions. (Docket Nos. 320 & 324.)

**I.**

**STANDARD OF LAW**

Although a district court has considerable discretion whether to grant a motion to reconsider a final judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the Rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A losing party cannot use a Rule 59(e) motion to relitigate old matters or to raise arguments that could have been raised before the entry of judgment. *School Dist. No. 1J, Multnomah*

**ORDER - 1**

*County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Therefore, a motion for reconsideration should be granted only when the initial decision of the court was manifestly unjust or clearly in error, the moving party presents newly discovered or previously unavailable evidence, or there is an intervening change in the controlling law.  *Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation omitted).

## II.

### MOTION TO RECONSIDER THE PROCEDURAL DEFAULT ORDER

Over ten years ago, the Court determined that several of Petitioner's habeas claims had not been fairly presented to the Idaho Supreme Court and were procedurally defaulted under Idaho Code § 19-2719(5).  Those claims were dismissed with prejudice.  (Docket No. 95, p. 14.)

In his current motion to reconsider that decision, Petitioner argues that Idaho Code § 19-2719(5) violates his right to due process of law, has been inconsistently applied, and is inadequate to prevent federal review on the merits.  (Docket No. 324-2, pp. 1-3.)  This is a variation of the same argument that Petitioner made prior to the Court's initial decision (Docket No. 95, pp. 10-11), and to the extent that it contains new elements, it should have been asserted long before now.  Furthermore, the Court has already addressed the merits of Petitioner's argument that Idaho Code § 19-2719 violates his right to due process.  (Docket No. 312, pp. 35-38.)  Petitioner has not given the Court any persuasive reason to reconsider its decision, and his motion shall be denied.

**ORDER - 2**

## III.

## MOTION TO ALTER OR AMEND

## THE MEMORANDUM DECISION AND JUDGMENT

Petitioner has also moved the Court to alter or amend its memorandum decision on the merits with respect to Claims 2, 14, and portions of Claim 17. This motion shall likewise be denied.

1. <u>Jury Sentencing</u>

In Claim 2, Petitioner alleged that his Sixth Amendment right to a jury trial was violated because a judge rather than a jury decided the aggravating circumstances that increased his punishment from life imprisonment to death. The Court concluded that relief on this theory was barred by *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004), and *Teague v. Lane*, 489 U.S. 288 (1989). (Docket No. 312, p. 14.)

As part of the same claim, Petitioner contended that the State's failure to apply the jury trial provisions of its own constitution and statutes to his capital sentencing proceeding violated his federal equal protection and due process rights. This Court determined that Petitioner was essentially challenging the correctness of the Idaho Supreme Court's longstanding view that the right to a jury trial under state law did not extend to capital sentencing proceedings, which is a question of state law that is not cognizable on federal habeas review. (Docket No. 312, p. 15.) Petitioner seeks reconsideration of this aspect of the Court's decision, but his detailed merits-based argument should have been made before judgment. Moreover, to the extent that a colorable equal protection argument may exist

**ORDER - 3**

under these circumstances, such an argument has been rejected by the Ninth Circuit in *Jeffers v. Lewis*, 38 F.3d 411, 419 (9th Cir. 1994).

    2.    <u>Deprivation of Counsel</u>

In Claim 14, Petitioner alleged that his trial and appellate counsel were burdened by a conflict of interest because Russell Webb, a law partner of one of his trial attorneys, had previously represented a potential suspect in this case, Harry Burke. (Docket No. 175, p. 31.) The Court denied relief after finding that Petitioner had failed to allege any facts from which it could conclude that an actual conflict of interest adversely affected the quality of counsel's representation. (Docket No. 312, p. 58.)

Petitioner has now offered a declaration from Webb in which he indicates that he met with Burke, who had been arrested on an old warrant, after Petitioner had been arrested in this case. (Docket No. 321-2, ¶ 7.) Webb contends that Burke's arrest was a pretext to seize his shoes for comparison in these cases, and that a prosecutor told him that the old warrant would be dismissed. (Docket No. 321-2, ¶ 7.) There is no indication that Webb's representation extended beyond this point. These facts do nothing to further Petitioner's argument that he was deprived of his right to counsel as a result of a conflict of interest.

Petitioner also contends that the Court never expressly addressed his request for an evidentiary hearing on this issue. (Docket No. 321-1, p. 8.) In concluding that Petitioner had not alleged facts from which a conflict could be found, the Court necessarily rejected any suggestion that an evidentiary hearing would be necessary. The Court has been generous in giving Petitioner numerous opportunities to allege facts, provide evidence, and submit

**ORDER - 4**

briefing on all issues in this case. His current complaint that the Court somehow reached a hasty decision without being fully informed is not well taken in light of the protracted and extensive procedural history of this case.

      3.     <u>Ineffective Assistance of Counsel (Mitigation Investigation)</u>

In Claim 17, Petitioner contended that his trial counsel were ineffective in failing to investigate, develop, and present mitigating evidence on his behalf at sentencing. The Court denied relief without an evidentiary hearing after concluding that he had not alleged facts that, if true, would establish a Sixth Amendment violation. (Docket No. 312, p. 77.) Petitioner now argues that the Court should reconsider this decision based on new information related to trial counsel's investigation into mental health issues, as contained in Russell Webb's declaration.

Webb asserts that Dr. Kenneth Ash was consulted before trial primarily to determine whether an insanity defense would have been viable had such a defense still existed under Idaho law. (Docket No. 321-2, ¶ 2.) Webb contends that he never discussed with lead trial attorneys John Radin and Stephen Hart whether they should have Dr. Ash examine Petitioner to develop evidence for sentencing, nor did they discuss whether they would seek a new mental health evaluation. (Docket No. 321-2, ¶ 5.) He further contends that he was unaware of a large portion of Petitioner's social history, as reflected by Dr. Craig Beaver's July 26, 2006 declaration, and he assumes that Radin and Hart were also unaware of that history. (Docket No. 321-2, ¶ 5.)

**ORDER - 5**

Petitioner has not explained why he failed to proffer this evidence before judgment, but, at any rate, it will not provide a basis for reconsideration. Radin and Hart were the primary attorneys in this case, at least through sentencing, and this Court relied on their deposition testimony and the state court record to find that they exercised reasonable professional judgment with respect to mental health issues. (Docket No. 312, p. 71.) Even if Petitioner could show that their decision-making fell below an objective standard reasonableness, the new information does not address the Court's conclusion that Petitioner cannot show actual prejudice from any alleged errors.

    4.    <u>Ineffective Assistance of Counsel (Investigation of Kevin Buchholz)</u>

The final issue that Petitioner asks the Court to reconsider relates to trial counsel's investigation into Kevin Buchholz as a possible alternate suspect based upon statements that he had made regarding the murder of Stacy Baldwin in Bingham County. The Court determined that Petitioner had failed to alleged facts that would show either unreasonably deficient performance or prejudice.

In an effort to bolster the claim, Petitioner has now offered exhibits that he believes establish Buchholz's close association with Petitioner in March of 1987. Those exhibits also contain some vague and second-hand information that Buchholz attempted to sell a woman's necklace and a handgun or handguns during that same time frame. (Docket Nos. 322 & 323.) As with the other proffers, this one is tardy, but even assuming that a reasonable investigation by trial counsel would have uncovered the evidence, Petitioner has failed to show how it

would have been admissible at the Michelbacher trial, let alone demonstrate that it would have created a reasonable probability of a different outcome.

Petitioner still has not come forward with any persuasive evidence that directly implicates Buchholz in the murder of Susan Michelbacher, and evidence that may connect Buchholz to Petitioner, perhaps through the drug trade or other illicit activities, or that suggests that Buchholz was attempting to sell handguns, does not cast doubt on the evidence that strongly established Petitioner's guilt in this case. And, as this Court has noted before, it is not convinced that opening up the Baldwin case to full inspection, including Buchholz's statements related to that matter, would have ultimately been favorable to Petitioner at the Michelbacher trial. (Docket No. 312, pp. 25, 67.)

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion to Alter or Amend Memorandum Decision and Order and Judgment (Docket No. 320), and Petitioner's Motion to Reconsider Procedural Default Order (Docket No. 324), are DENIED.

IT IS FURTHER ORDERED that if Petitioner intends to appeal, he must file a motion for a certificate of appealability (COA), listing the specific claims and issues that he wishes to appeal, no later than when he files his notice of appeal. The Court is familiar with the legal standards governing the issuance of a COA, and it generally finds lengthy briefing at the COA phase of a habeas case to be largely repetitive of prior briefing, but Petitioner may, at his option, file a short brief or memorandum simultaneously with his motion for a COA.

**ORDER - 7**

Respondent's response must be filed within fourteen days of receiving a motion. No reply brief shall be filed. <u>The Court will not grant any extensions of time for the submission of briefing or memoranda</u>.

DATED: **August 14, 2007**

_____
~~Honor~~able Edward J. Lodge
U. S. District Judge

**ORDER - 8**