IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL EZRA RHOADES, ) | |
| ) | Case No. CV 93-0156-S-EJL |
| Petitioner, ) | (Bonneville County) |
| ) | |
| v. ) | **CAPITAL CASE** |
| ) | |
| A.J. ARAVE, Warden, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

On March 28, 2007, the Court entered final judgment in this capital habeas matter and dismissed the case with prejudice. (Docket No. 313.) The Court subsequently denied Petitioner's motions to reconsider the procedural default order and to alter or amend judgment. (Docket No. 333.) He has now filed a notice of appeal and motion for a certificate of appealability. (Docket Nos. 337, 338.)

### THE NOTICE OF APPEAL IS TIMELY

Initially, Respondent contends that this Court is without jurisdiction to rule on the motion for a certificate of appealability because the notice of appeal was allegedly filed one day late. (Docket No. 343, pp. 4-5.) This argument is without merit.

Because this is a civil case, Petitioner had thirty days in which to file a notice of appeal after "entry" of the order denying his motion to alter or amend the judgment. Fed. R. App. P. 4(a)(1)(A), (D)(iv). "Entry" of such an order occurs when the "order is entered in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7). Rule

**ORDER - 1**

79(a) simply requires the clerk to keep a separate civil docket to record a district court's orders and judgments.

Although this Court signed its order disposing of Petitioner's motion to alter or amend on August 14, 2007, the deputy clerk entered the order on the civil docket the next day, August 15. (Docket No. 333, Receipt of Notice of Electronic Filing.)  Petitioner filed his notice of appeal on September 14, 2007, the thirtieth day after the order was entered. Therefore, the notice of appeal is timely.

## CERTIFICATE OF APPEALABILITY

1.   Legal Standards

A petitioner cannot appeal from the denial or dismissal of a habeas petition unless he has first obtained a certificate of appealability ("COA").  28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This determination must be made on an issue-by-issue basis.  28 U.S.C. § 2253(c)(3); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999).

To satisfy the COA standard when a court has dismissed claims on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  When a court has denied claims on the merits, the petitioner must show that reasonable jurists would find the court's assessment of the merits debatable, or that the

**ORDER - 2**

issues deserve encouragement to proceed further. *Id.*

The COA standard "requires an overview of the claims in the habeas petition and a general assessment of their merits," but a court need not determine that the petitioner would prevail. *Miller-El*, 537 U.S. at 336. In a capital case, "the nature of the penalty is a proper consideration in determining whether to issue a certificate of appealability." *Petrocelli v. Angelone*, 248 F.3d 877, 884 (2001) (citation omitted). Any doubts must be resolved in the petitioner's favor. *Id.*

    2.    <u>Discussion</u>

Petitioner seeks a COA over "each claim he has raised in these habeas proceedings which the Court has either dismissed as procedurally defaulted or dismissed on the merits. He also seeks a COA on the Court's denial of an evidentiary hearing." (Docket No. 341.)

After carefully reviewing the record and the parties' arguments, and mindful that this is a capital case, the Court concludes that Petitioner may appeal from the denial of relief on the merits of any or all of the following claims: 1 (*Griffin* error), 3 (*Brady* violations), 4 (admission of the "I did it" statements), 5 (constitutional challenge to Idaho Code § 19-2719, but excluding the claim of ineffective assistance of counsel), 7 (limited to reasonable doubt/presumption of innocence instructions), 10 (constitutionality of the death sentence for kidnapping, but excluding subpart 3), 12 (challenge to the aggravators for kidnapping and the sufficiency of the evidence supporting those aggravators), 17 (ineffective assistance of counsel–but limited to subparts ii (failure to procure experts for sentencing phase), iv (failure to use evidence to support a suppression motion), v (death

**ORDER - 3**

sentence for kidnapping), viii (mitigation investigation), ix (same), xiv (handling of the Buchholz evidence), xvi (failure to impeach), and xxii (failure to retain experts)).[1] Petitioner may also appeal from the Court's decision to deny an evidentiary hearing on Claims 3, 4, and those subparts of Claim 17 noted above.  (Docket Nos. 94, 246, 312.) While the Court believes that it is unlikely that Petitioner will ultimately prevail on these issues, it does not find that they are so deficient that he should be deprived of an opportunity to convince the appellate court of their merit.

No other claims or issues will be included in the certificate of appealability, and only of few of those matters warrant additional comment here.

The COA will not include the Court's dismissal of several claims in this case as procedurally defaulted (Docket No. 95).  In particular, Petitioner has not convinced the Court that reasonable jurists would debate whether the holding of *Beam v. Paskett*, 3 F.3d 1301 (9th Cir. 1993) should be extended to save from default previously unraised claims

---

[1] Although the Court will issue a COA over subparts xvi and xxii of Claim 17, it wishes to comment briefly on Petitioner's apparent continued belief that a 1987 FBI serological report excluded him as a potential contributor of the semen found in the victim's body.  (Docket No. 341, p. 32 ("the FBI's test results . . . exclude the possibility left open by the state lab testing that Petitioner was the rapist")).

As this Court has indicated here (Docket No. 312, pp. 61-64), and elsewhere (Case No. CV 97-170-S-EJL, Docket No. 78, p. 4), excluding Petitioner as the source of the *PGM subtype* reflected in the FBI report does not necessarily exclude him as a source of the *semen* on the swab samples taken from the victim because it is apparently impossible to know whether the biological material that the FBI subtyped was semen or the victim's own tissue (her known PGM subtype matched the result).  To the Court's understanding, Petitioner could have been the rapist, left his semen in the victim's body, and the FBI later detected a PGM subtype from the victim's tissue instead of his semen.  The inconclusiveness of the FBI report is the primary basis for the Court's finding that Petitioner had shown neither deficient performance nor prejudice.

**ORDER - 4**

of trial error, non-capital sentencing error, or error that allegedly occurred during the direct appeal itself.  (Docket No. 341, pp. 27-29, 30, 44.)  Additionally, even if Petitioner could establish that some aspect of the Court's procedural default ruling were reasonably debatable, he has not made a substantial showing of the denial of a constitutional right on the merits of any of the dismissed claims.  *See Slack,* 529 U.S. at 484 (the petitioner must show that both the procedural ruling and the merits are worthy of appellate review).

Accordingly, the Court will issue a certificate of appealability consistent with this opinion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED THAT Petitioner's Motion for Certificate of Appealability (Docket No. 338) is GRANTED in part and DENIED in part.  The Court issues a certificate of appealability over its denial of the following claims for relief: 1, 3, 4, 5 (as limited), 7 (limited), 10 (excluding subpart 3), 12, 17 (limited to subparts ii, iv, v, viii, ix, xiv, xvi, and xxii).  Petitioner may also appeal from the Court's decision to deny an evidentiary hearing on Claims 3, 4, and those subparts of Claim 17 noted above.  No other decisions, orders, or issues will be included within the certificate of appealability, but Petitioner may seek to expand the certificate in accordance with Ninth Circuit Rule 22-1.

IT IS FURTHER ORDERED that the Clerk of Court shall forward the necessary paperwork to the Ninth Circuit Court of Appeals for the docketing of an appeal in a civil case.

DATED: **October 29, 2007**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER - 6**